No. 12,189.

SAUVE, TRUSTEE v. HAMILTON.

Decided October 22, 1928.

Mr. PHILIP HORNBEIN, for plaintiff in error.

Mr. W. M. SWIFT, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE complaint in this action by the plaintiff Hamilton, filed January 14, 1928, was for the foreclosure of a mortgage or trust deed upon real estate. It was executed by Homer D. Montgomery and given to the defendant the Western Securities Investment Company to secure the payment of Montgomery's promissory note running to the company in the sum of $7,000, ownership of which note had been acquired by the plaintiff. There are seven defendants in the action. One of them is David B. Sauve, trustee in bankruptcy for the Securities Investment Company, payee of the mortgage note. All of the defendants were personally served with summons, but the date of service is not made to appear. The Stearns Investment Company appeared and filed its answer. The other six defendants, including Sauve, trustee, did not appear or respond to the command of the summons, and for their failure in that respect default of each was duly entered by the court on March 7, 1928. The defendant Stearns Investment Company, though it had appeared and filed

an answer, did not appear at the hearing which was set for, and begun on, June 12, 1928, and its default was duly entered. The hearing, though begun on June 12, was not finished on that date and the same was continued until June 19. On June 15, Sauve, trustee, though in default since March 7, 1928, and not having made any attempt to set aside the default order entered against him, appeared in court by his counsel and asked leave to intervene in the action and tendered for filing two separate answers; one traversing the complaint, the other containing a plea to the jurisdiction of the court. On June 11, counsel for Sauve had communicated by telephone with the trial judge that Sauve had succeeded to the rights of the Stearns Investment Company and would seek to intervene in the cause. It seems that there was some misunderstanding on the part of the court, or, at least, the trial judge and the counsel for Sauve are not entirely in accord as to the purport of this conversation which counsel had with the court. The record shows that the trial judge supposed that counsel represented the Western Securities Investment Company and that nothing was said to him about counsel acting for the Stearns Company. In the state of the record, there being nothing in writing to show what request counsel intended to make of the court, we must assume that the trial court's version of the conversation over the telephone was right. It follows that plaintiff's application for leave to file these instruments derives no color from his version of the conversation. At the time the conversation was had Sauve, as trustee, had been in default since the previous March, more than three months. He had no standing in court to intervene, if that is what his application was, as a party defendant, either to plead to the court's jurisdiction or to traverse the allegations of the plaintiff's complaint. If Sauve had a good and valid excuse for suffering default and desired to have the same set aside, he was in no position to disregard his default and ask leave to be made a party defendant in the case, and further delay

the trial which had begun three days before his two separate answers were presented to the court. The court's ruling denying the application was within its legal discretion. Of course, if there was a manifest abuse of discretion by the court in refusing Sauve leave to file these answers, relief could be afforded by the reviewing court, but our examination of this record does not present a case of abuse of discretion of the trial court in the rulings complained of.

There is an additional reason why we cannot disturb the judgment. After the court had denied Sauve's application, the trial proceeded and was concluded on June 19. The evidence of the plaintiff was heard by the court, the court made findings in his favor and entered the appropriate foreclosure decree. This foreclosure judgment or decree is the one that Sauve asks to have set aside and the cause remanded for a new trial. Rule 8 of this court is that the party claiming error in the trial of any case, must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order only questions presented in such motions will be considered on review. Sauve did not file a motion for a new trial in the cause. The judgment which was rendered was made upon the record and oral evidence. The issue was one of fact, not of law, and a motion for a new trial was essential to the right of the plaintiff in error to a hearing on this review. It is true that we have held in several cases that this applies only to trials on issues of fact and not where a judgment complained of is entered on a question of law but, as we have already said, the trial below was on evidence and the court made findings of fact and upon such findings entered the decree. This alone prevents plaintiff in error from being heard with his grievance in this court.

There are other reasons that might be assigned for affirming the judgment, but the reason already given is sufficient. Desirable as it might be for Sauve to have determined at this time the issues tendered by his two

502

answers, we cannot disregard the settled law and gratify this trustee by giving him relief to which, if he was entitled at all, he forfeited by disregarding the summons that was served upon him.

The judgment is right and it should be, and is, affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.